**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**


| | | |
|---|---|---|
| TED BELCHER JONES, | ) | Case No. 1-20-cv-1840 |
| | ) | |
| Complainant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MAYOR, CITY OF INDIANAPOLIS and, | ) | |
| CHIEF,  INDIANAPOLIS POLICE | ) | |
| DEPARTMENT, and JON B. KING, | ) | |
| individually | ) | |
| | ) | |
| Defendants. | ) | |


**COMPLAINT AND DEMAND FOR JURY TRIAL**

(1) This action is brought to redress a deprivation of rights, privileges, or immunities secured by the Constitution, in violation of the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, as enforced pursuant to Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983 ("Section 1983"). This action is also brought to redress common law rights provided by the State of Indiana for false arrest and imprisonment, pursuant to the supplemental jurisdiction of the Court.

(2)  Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. 2000e-5(f), (g) and (k), and 42 U. S. C. § 12117 (a).

JURISDICTION AND VENUE

(3)  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343 (a) (3)-(4). The Supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367.

1

(4)  The unlawful conduct complained of herein occurred within the City of Indianapolis, Marion County, Indiana, therefore, venue is proper in the Southern District of Indiana, Indianapolis Division.

(5) Pursuant to a motion to dismiss, all charges against Mr. Jones were dismissed on 18 December 2018. Notice of the dismissal was sent to the parties on or after 18 December 2018.

(6)  A Tort Claim Notice (although not necessary for the jurisdiction of this Court), dated 7 January 2019, pursuant to I.C. 34-13-3-10 was sent to Defendants, Mayor, City of Indianapolis, and the Chief of Police, Indianapolis Police Department by certified mail on January 7, 2019 and received on January 17, 2019 and January 9, 2019 respectively. The City of Indianapolis rejected the opportunity to resolve this matter and more than ninety (90) have expired since the mailing of the Tort Claim Notice.

## PARTIES

(7)  Plaintiff Ted Belcher Jones ("Jones"), at all times relevant to this action, was a resident of the City of Indianapolis, Marion County, Indiana.  Jones is a male person of African American descent. As of 20 July 2018, Jones was sixty-one (61) years of age.

(8)  Defendant, Indianapolis Metropolitan Police Department ("IMPD"), at the time of the incidents complained of herein, was a municipal police department that serves citizens of the City of Indianapolis, and Marion County, Indiana.  The Chief Executive Officers of IMPD are the Mayor for the City of Indianapolis and the Chief of Police for the City of Indianapolis. Defendant Jon B. King, Badge Number 20849 ("Officer King"), at the time of the incidents complained of herein, was employed by IMPD. Officer King is a person of European descent.

BACKGROUND FACTS

(9)   On or about 20 July 2018, Jones, an African American male, was the legal owner of a house located at 536 North Belmont Avenue, Indianapolis, Indiana ("536 North Belmont Avenue"). Jones had owned the 536 North Belmont Avenue house for about thirty (30) years.

(10)  On 20 July 2018, Jones was arrested and criminally charged by the arresting officer. In the affidavit for Probable Cause, Mr. Jones was charged with "Criminal Trespass and Disorderly Conduct" at the 536 North Belmont Avenue property. Jones was placed under arrest and removed from the property located at 536 North Belmont Avenue. The arresting Police Officer is identified as Officer Jon B King, Badge Number 20849. King is considered to be a person of European descent.

(11) Jones did not engage in any fighting or conduct likely to result in serious bodily injury to any person or substantial damage to any property, Jones did not make any unreasonable noise, and Jones did not disrupt any lawful assembly of persons at no time before or during his arrest by Officer King.

(12) Officer King perceived and treated Jones as a common criminal. Officer King knew or should have known that Jones was the lawful owner of the property located at 536 North Belmont Avenue, Indianapolis, Indiana.

(13) Officer King prejudged Jones and failed to conduct a proper investigation before charging Jones with criminal trespass and disorderly conduct.

(14)   Pursuant to a motion to dismiss filed by the Prosecutor's Office, all charges against Jones were dismissed on 18 October 2018.

(15)   As a direct result of the unlawful arrest and imprisonment by Officer King and IMPD, Jones was deprived of his liberty and rights as a citizen.

(16)   As a direct result of the unlawful arrest and imprisonment by Officer King and IMPD, Jones suffered a loss of dignity as a citizen. Jones, an older male person of African American descent, was treated as if he had no federal or state civil rights under the law that Officer King and the City of Indianapolis Metropolitan Police Department felt obliged to recognize.

(17) As a direct result of the unlawful arrest and imprisonment by Officer King and the City of Indianapolis Police Department, Jones spent three (3) days in jail.

(18) As a direct result of the unlawful arrest and imprisonment by Officer King and the City of Indianapolis Police Department, Jones was subjected to mental anguish and emotional distress and felt humiliated and embarrassed by the unlawful arrest and subsequent incarceration.

(19) As a direct result of the unlawful arrest and imprisonment by Officer King and the City of Indianapolis Police Department, Jones had to spend funds to pursue a legal action to vindicate his rights against unlawful police conduct.

## FIRST CLAIM FOR RELIEF

(20)   Jones repeats and alleges each and every allegation in paragraphs numbered 1 through 19 of this complaint with the same force and effect as if fully set forth herein.

(21)   Officer King and the Indianapolis Police Department's conduct subjected Jones an unlawful arrest and search in violation of the Fourth Amendment to the U. S. Constitution.

(22)   Officer King and the Indianapolis Police Department's conduct were intentional and reflect malice or reckless disregard for the federal constitutional civil rights of Jones.

(23)   As a result of Officer King and the Indianapolis Police Department's conduct, Jones is now suffering and will continue to suffer irreparable injury and monetary damages unless and until this Court grants relief.

## SECOND CLAIM FOR RELIEF

(24)  Jones repeats and alleges each allegation in paragraphs numbered 1 through 19 of this complaint with the same force and effect as if fully set forth herein.

(25) Officer King and the Indianapolis Police Department's conduct subjected Jones a denial of equal protection of the law based on race in violation of the Equal Protection Clause of the Fourteenth Amendment to the U. S. Constitution.

(26) Officer King and the Indianapolis Police Department's conduct were intentional and reflect malice or reckless disregard for the federal constitutional civil rights of Jones.

(27) As a result of Officer King and the Indianapolis Police Department's conduct, Jones is now suffering and will continue to suffer irreparable injury and monetary damages unless and until this Court grants relief.

## THIRD CLAIM FOR RELIEF

(28) Jones repeats and alleges each allegation in paragraphs numbered 1 through 19 of this complaint with the same force and effect as if fully set forth herein.

(29) Officer King and the Indianapolis Police Department's conduct subjected Jones to false arrest and imprisonment in violation of the Indiana Common Law Tort Law.

(30) Officer King and the Indianapolis Police Department's conduct were intentional and reflect malice or reckless disregard for the common law civil rights of Jones.

(31) As a result of Officer King and the Indianapolis Police Department's conduct, Jones is now suffering and will continue to suffer irreparable injury and monetary damages unless and until this Court grants relief.

PRAYER FOR RELIEF

WHEREFORE, Jones respectfully requests that this Court enter a judgment:

(a) Declaring that the acts and practices complained of herein are in violation of the rights of Jones pursuant to the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Indiana Common Law of Torts;

(b) Enjoining and permanently restraining the violation of Jones's rights;

(c) Directing Officer King and the Indianapolis Police Department to take such affirmative action as is necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect Jones, or any other person based on race;

(d) Directing Officer King and the Indianapolis Police Department to take steps to make Jones whole for all losses whether monetary or otherwise, including actual damages for mental anguish and distress;

(e) Awarding Jones compensatory and punitive damages, if authorized, for the injuries suffered as a result of Officer King and the Indianapolis Police Department's violation of Jones's rights;

(f) Awarding Jones the costs of this action together with reasonable attorney's fees, as provided by federal and state law;

(g) Directing Officer King and the Indianapolis Police Department to pay Jones prejudgment and post-judgment interest on all sums recovered;
and

(h) Granting such other and further relief as the Court deems necessary and proper.

DEMAND FOR JURY TRIAL

Jones, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, demands a trial by jury in this action.

                                       /Bobby A Potters_____

                                      Bobby A Potters

                                      Attorney at Law

                                      Attorney for Plaintiff

3272 Hooker Street
Plainfield, IN 46168
Telephone: 317-926-1028
bpotters@tds.net

7